UNITED STATES OF DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL GREER,

    Plaintiff,                                    Case No. 2:15-cv-14245

v.                                              Hon.

ALLIED WASTE SERVICES OF
NORTH AMERICA, LLC d/b/a
REPUBLIC SERVICES OF TOLEDO,
a foreign corporation,

    Defendant.
_____

 David A. Nacht (P47034)
 Joseph X. Michaels (P79084)
 NACHTLAW, P.C.
 101 North Main Street
 Suite 555
 Ann Arbor, MI 48104
 (734) 663-7550
 dnacht@nachtlaw.com
 jmichaels@nachtlaw.com
_____

## COMPLAINT AND JURY DEMAND

Plaintiff, April Greer, by and through her attorneys, NACHTLAW, P.C., hereby alleges as follows:

### Introduction

1.     Plaintiff was a salesperson at Defendant's Erie, Michigan location who was subject to a pattern of gender based discrimination at her workplace. Plaintiff's

supervisor regularly diverted Plaintiff's sales leads and accounts to her male co-workers and excluded Plaintiff from professional development events which her supervisor and male co-workers attended.

2. Plaintiff's supervisor placed Plaintiff on a performance improvement plan and ultimately terminated her, ostensibly for a lack of new business, at the same time new business opportunities were being diverted to her male colleagues.

3. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("TITLE VII"), and the Elliott-Larsen Civil Rights Act, MCL § 37.210 *et seq.* ("ELCRA"), to remedy the employment discrimination perpetrated against her by the Defendant.

## Parties, Jurisdiction, and Venue

4. Plaintiff April Greer is individual residing in Toledo, Ohio, and a former employee of Defendant.

5. Defendant Allied Waste Services of North America, LLC d/b/a Republic Services of Toledo (hereinafter "Republic Services") is a Delaware company that conducts business in southeastern Michigan.

6. Plaintiff was employed at Defendant's Erie, Michigan location in Monroe County, Michigan, within this judicial district.

7. Jurisdiction is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. Jurisdiction over supplemental state law claims is proper under 28 U.S.C. § 1367, as they arise from the same case and controversy.

8. Venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391 as this is the judicial district in which the unlawful employment practices occurred and the relevant employment records are kept.

9. Plaintiff filed a timely charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC) and brings this action within ninety days of the receipt of a "Notice of Right to Sue" received by Plaintiff on September 21, 2015.

## **GENERAL ALLEGATIONS**

10. Defendant hired Plaintiff as a Major Account Executive on March 3, 2014.

11. Plaintiff sold Defendant's waste disposal and recycling services. Plaintiff was responsible for managing and selling accounts that generated over $3,000 a month in revenue for Defendant.

12. Throughout her employment, Plaintiff received positive feedback on her work and posted total sales numbers consistent with her sales goals and the results of her co-workers.

13. Throughout her employment, Plaintiff was discriminated against because of her sex.

14. Plaintiff's supervisor, Eric Webber, diverted sales leads and accounts within Plaintiff's responsibility to Plaintiff's male co-workers.

15. Mike Florence was employed by Defendant as a Sales Representative. Mr. Florence's responsibilities were limited to sales and accounts generating under $3,000 a month in revenue. Yet, Mr. Webber diverted multiple accounts over this threshold, which should have been assigned to Plaintiff, to Mr. Florence.

16. Specifically, Mr. Florence and other male Sales Representatives were allowed to sell to Northwood Schools, Dundee Schools, Lake Schools, Penta Career Center, Clean Tech, and Fleetpride, all of which generated over $3,000 per month in billings.

17. Plaintiff was initially given a new apartment complex account to spearhead. After Plaintiff and developed the account, Mr. Webber took the account from Plaintiff and gave it to Plaintiff's male co-worker, Rick Fox.

18. Valuable sales leads were diverted from Plaintiff to her male colleagues without explanation.

19. Mr. Webber also excluded Plaintiff from networking and professional development opportunities, including paid networking and sales events, sporting events, and golf outings, which he provided to Plaintiff's male co-workers.

4

20. Mr. Webber scheduled and paid for all of the men in the office to attend an event with the Cleveland Cavaliers, but Plaintiff was not invited.

21. Likewise, there was at least one golf outing during work hours that the men were allowed to go to but Plaintiff was not.

22. When Plaintiff asked to attend such professional events, she was told the company did not have the money.

23. Specifically, Plaintiff asked Mr. Webber to purchase a table at a PNC bank event in Toledo, but was told that the company did not have the funds.

24. On September 9, 2014, Mr. Webber placed Plaintiff on a performance improvement plan or "PIP."

25. Mr. Webber told Plaintiff that she was being placed on the PIP due to her sales performance, specifically a lack of "new business."

26. This reason was entirely pretextual. "New business" had been consistently diverted from Plaintiff and to her male colleagues.

27. In fact, Plaintiff's sales numbers were in line with Defendant's expectations. Plaintiff brought in more revenue than any of her male co-workers. A month before her termination, Plaintiff ranked 33rd in Defendant's nationwide sales force in sales and qualified for the "Winners Circle" award.

28. On October 30, 2014, approximately ten days before her PIP was to end, Defendant terminated Plaintiff's employment.

29. None of Plaintiff's male colleagues were ever disciplined or terminated due to their sales performance.

30. For example, Mr. Florence missed his sales quota for several months, yet he was never placed on a PIP, much less terminated.

**COUNT I – SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

31. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

32. Plaintiff is a member of a protected group under TITLE VII on the basis of her sex, female.

33. Defendant violated TITLE VII by the following acts:

   a. Terminating or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of her sex;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of her sex;

   c. Segregating, classifying, or otherwise discriminating against Plaintiff on the basis of her sex with respect to a term, condition or privilege of employment, including a benefit plan or system; and/or

   d. Failing to provide a work environment free from sex discrimination.

34. As a direct and proximate result of Defendant's violation of TITLE VII, Plaintiff has suffered bodily injury, feelings of depression, emotional and

physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

35. As a further direct and proximate result of Defendant's violation of TITLE VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT II - SEX DISCRIMINATION IN VIOLATION OF ELCRA

36. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

37. Plaintiff is a member of a protected group under ELCRA, on the basis of her sex, female.

38. Defendant violated ELCRA by the following acts:

   a. Terminating or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of her sex;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of her sex;

7

      c.      Segregating, classifying, or otherwise discriminating against Plaintiff on the basis of her sex with respect to a term, condition or privilege of employment, including a benefit plan or system; and/or

      d.      Failing to provide a work environment free from sex discrimination.

39. As a direct and proximate result of Defendant's violation of ELCRA, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

40. As a further direct and proximate result of Defendant's violation of ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff requests that this Court enter Judgment in favor of Plaintiff and against Defendant in whatever amount this Court deems reasonable, together with costs, interest and attorneys' fees.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of TITLE VII and/or the ELCRA;

b. Award Plaintiff all lost wages and benefits, past and future, to which she is entitled;

c. Award Plaintiff appropriate equitable relief;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff exemplary damages;

f. Award Plaintiff punitive damages; and

g. Award Plaintiff reasonable attorney fees, costs and interest; and

Award such other relief as this Court deems just and proper.

Respectfully submitted,
NACHTLAW, P.C.

/s/ David A. Nacht
David A. Nacht (P47034)
Joseph X. Michaels (P79084)
Attorneys for Plaintiff
101 N. Main St., Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
dnacht@nachtlaw.com
jmichaels@nachtlaw.com

Dated: December 4, 2015

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, by and through her counsel, hereby demands a trial by jury as to all those issues so triable as of right.

                                       Respectfully submitted,
                                       NACHTLAW, P.C.

                                       /s/ David A. Nacht
                                       David A. Nacht (P47034)
                                       Joseph X. Michaels (P79084)
                                       Attorneys for Plaintiff
                                       101 N. Main St., Ste. 555
                                       Ann Arbor, MI 48104
                                       (734) 663-7550
                                       dnacht@nachtlaw.com
Dated: December 4, 2015            jmichaels@nachtlaw.com